IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> HILARY COOLEY, in her official capacity as U.S. Fish and Wildlife Service Grizzly Bear Recovery Coordinator, et al., <br><br> Defendants, <br><br> and <br><br> STATE OF IDAHO, <br><br> Defendant-Intervenor. | CV 21–136–M–DWM <br><br><br> ORDER |

The State of Idaho seeks to intervene as a defendant in these consolidated cases. (Doc. 8.) Idaho has consistently been involved grizzly bear management, (*see* Doc. 9 at 3–4), and supports the Fish and Wildlife Service's proposal to not release grizzly bears in the "Experimental Population Area," which includes significant segments of Idaho, (*id.* at 5–6). Idaho therefore seeks to intervene here as a matter of right under Federal Rule of Civil Procedure 24(a).[1] No party

---

[1] Idaho alternatively seeks permissive intervention under Rule 24(b). Because the

1

opposes the motion.

"An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal quotation marks omitted). The State of Idaho meets these requirements.

First, Idaho's motion to intervene is timely as the case management order was just recently entered and substantive briefing is not anticipated to begin until the summer of 2022. Second, Idaho has a significant protectable interest because the state's police powers include the power to conserve and manage wildlife. *See Baldwin v. Fish & Game Comm'n of Montana*, 436 U.S. 371, 391 (1978). Third, the disposition of this action may impair or impede Idaho's ability to manage wildlife within its borders. Finally, the existing parties may not adequately represent the State of Idaho because Idaho has distinct burdens and responsibilities as a state government.

---

requirements of Rule 24(a) are met, permissive intervention is not addressed.

2

Accordingly, IT IS ORDERED that the State of Idaho's motion to intervene (Doc. 9) is GRANTED. The caption is modified as reflected above. Defendant-Intervenor shall re-file its answer as a separate docket entry in this case.

IT IS FURTHER ORDERED that Defendant-Intervenor shall abide by the terms of the existing case management order. (Docs. 7, 10.) Counsel is reminded of the admonition that in all filings with the Court, the parties shall not use acronyms except for the following commonly understood acronyms in record review cases: NEPA, NFMA, APA, ESA, EIS, and EA.

DATED this 10th day of February, 2022.

                                        3:02 P.M.

Donald W. Molloy, District Judge
United States District Court