IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES and NATIVE ECOSYSTEMS COUNCIL,<br><br>Plaintiffs,<br><br>vs.<br><br>HILARY COOLEY, in her official capacity as U.S. Fish and Wildlife Service Grizzly Bear Recovery Coordinator, et al.,<br><br>Defendants,<br><br>and<br><br>STATE OF IDAHO,<br><br>Defendant-Intervenor. | CV 21–136–M–DWM<br><br><br>OPINION & ORDER |

Plaintiffs Alliance for the Wild Rockies and Native Ecosystems Council (collectively "Plaintiffs") challenge Federal Defendants' alleged delay in implementing decision documents regarding grizzly bear reintroduction and recovery in the Bitterroot Ecosystem in Idaho and Montana. (*See generally* Doc. 1.) As Plaintiffs put it, "this case is about [the agency's] failure to act." (Doc. 15 at 5.) While Federal Defendants disagree on the merits of Plaintiffs' claims, they agree with the characterization that this is a "failure to act" case. (*See* Doc. 17 at

1

6–7.)

The parties correctly recognize that the temporal constraints that typically apply in administrative review cases are somewhat more flexible in failure to act cases. *See, e.g.*, *S.F. BayKeeper v. Whitman*, 297 F.3d 877, 886 (9th Cir. 2002) ("[W]hen a court considers a claim that an agency has *failed* to act in violation of a legal obligation, review is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record.") (internal quotation marks omitted). The parties disagree, however, on just how far the bounds of an administrative record in failure to act cases may stretch. Plaintiffs' present motion seeks two things: (1) supplementation of the record and (2) leave to take discovery. As explained below, while the former is an appropriate request—although arguably unnecessary in light of Federal Defendants' amenability to supplementation—the latter is not.

## I. Supplementation

Plaintiffs identify seven documents cited in the Complaint that they argue should have been included in the administrative record:

1. FWS March 2021 Grizzly Bear Five-Year Status Review, which includes current population information for all grizzly bears in the lower 48 states;
2. FWS 2021 Grizzly Bear "May Be Present" Map, which displays locations in the Bitterroot where grizzly bears have been confirmed and highlights adjacent drainages;
3. FWS 2020 Annual Report on Grizzly Bear Recovery, which discloses the current status of Bitterroot Reintroduction Efforts;

2

   4. FWS 1993 Grizzly Bear Recovery Plan, which provides background information on historic grizzly presence and grizzly biology;
   5. FWS 1996 Bitterroot Supplement to Grizzly Bear Recovery Plan, which provides expectations for the Bitterroot Ecosystem;
   6. Mattson 2021, Bitterroot Grizzly Population Report, which addresses the role of Bitterroot grizzly bears in recovery of lower-48 grizzly population; and
   7. Kendall et al. 2016, Cabinet-Yaak Grizzly Study, which addresses the role of reintroduction or "augmentation" in recovering small, isolated grizzly populations.

(Doc. 15 at 12; *see also* Docs. 15-1 through 15-7.))

Federal Defendants' response makes clear that they do not oppose including these documents in the record, and, according to the correspondence attached in their response to Plaintiffs' motion, Federal Defendants have been amenable to adding all of the documents Plaintiffs cite to the record since before the present motion was filed. (*See* Doc. 17-1 at 9.) Thus, there is no real dispute over the appropriateness of supplementation of the record, and Federal Defendants are directed to file a supplement to the administrative record that includes the above documents identified by Plaintiffs.

Additionally, as explained in greater detail below, Federal Defendants are also directed to supplement the Administrative Record with the 2022 Special Status Assessment. While this Assessment was raised in the context of Plaintiffs' request for production rather than their request for supplementation of the record, Defendants are nonetheless directed to include it in the supplemented administrative record.

3

# II. Discovery

Plaintiffs request leave to take limited discovery in the form of requests for production and interrogatories. This request is denied. Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of . . . the discovery in resolving the issues." As Defendants point out, Plaintiffs' request is disproportionate to the needs of this case. Further, the circumstances justifying expansion of the record in administrative review cases are inapplicable here given that Plaintiffs seek to engage in additional discovery beyond introducing the administrative documents already noted.

Contrary to Plaintiffs' position, Plaintiffs are in a starkly different situation than the plaintiffs in *S.F. BayKeeper*, 297 F.3d at 886. In *S.F. BayKeeper*, the plaintiff alleged failure to act claims against an agency, and the district court ultimately granted summary judgment for the agency. On appeal, one of the plaintiff's claims was that the district court erred by relying on an agency document that the plaintiff argued was a post-hoc rationalization of the agency's inaction. The Ninth Circuit rejected the plaintiff's argument, explaining that "when a court considers a claim that an agency has *failed* to act in violation of a legal obligation, review is not limited to the record as it existed at any single point

4

in time, because there is no final agency action to demarcate the limits of the record." *Id.* at 886 (internal quotation marks omitted); *see also Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000). Thus, *San Fransisco Baykeeper* is consistent with the position that the administrative record is not static in failure to act cases, but it is not consistent with Plaintiffs' position that failure to act cases greenlight additional discovery such as that requested here.

In addition to the seven enumerated documents discussed above, Plaintiffs seek production of "the primary source documents for grizzly bear sightings and verifications within 100 miles of the Bitterroot Ecosystem over the past 22 years." (Doc. 15 at 6.) As Federal Defendants point out, this request far exceeds the scope of the failure to act claims that Plaintiffs allege. By the face of the Complaint, this is a failure to act case; it does not bring challenges to the substantive sufficiency of any agency decision document. Therefore, while Plaintiffs state that the primary source documents are "relevant to this case," that cursory statement does not appear to be so, and Plaintiffs make no effort to explain the purported relevance. (Doc. 15 at 11.) By contrast, Federal Defendants raise several legitimate arguments against production of primary source documents, not least among them that the agency has "already acknowledged that conditions in the Bitterroot have changed since the original EIS, when no grizzlies were known to be present." (Doc. 17 at 14–15.) In the context of the claims Plaintiffs have alleged at this

5

juncture, Federal Defendants' admission that there are currently bears in the Bitterroot Ecosystem seems to provide the information Plaintiffs ostensibly seek through the request for production. Accordingly, Federal Defendants are not required to produce the "primary source documents" Plaintiffs request.

In addition, to the extent Plaintiffs continue to contend that bear sighting data is relevant, Federal Defendants have provided an excerpted map from the January 2022 Special Status Assessment for the Grizzly Bear in the Lower-48 States that illustrates grizzly bear sightings between 2011 and June 2021 but omits any confidential or personal identification information. (*See* Doc. 17-3.) The excerpted map alleviates some of the concerns Federal Defendants raise over confidentiality and ongoing conservation efforts, (*see* Doc. 17-2 at ¶¶ 4–7), and these are concerns with which Plaintiffs do not engage. Accordingly, Plaintiffs' request for production is denied except to the limited extent that Federal Defendants are directed to include the 2022 Special Status Assessment along with the seven documents indicated above in the supplemented administrative record.

Plaintiffs also seek leave to conduct limited discovery in the form of ten interrogatories. (Doc. 15 at 10–11.) The first six of these interrogatories seek information about the number of actual and potential grizzly bears and grizzly bear dens in the Bitterroot Ecosystem and Bitterroot Experimental Population Area. (Doc. 15 at 10.) The next two interrogatories seek information regarding the

6

criteria the agency applies to confirm the former information, and the last two interrogatories seek information related to agency data storage and monitoring. (*Id.* at 10–11.) Plaintiffs argue these interrogatories are "reasonable" because they "are relevant to this case; [the agency] has this information in its possession; and [the agency] did not include this information in the administrative record it provided to the Court and Plaintiffs." (*Id.* at 11.) None of these reasons are compelling.

As discussed at length, this is a failure to act case that does not challenge the substantive sufficiency of any agency document; it is therefore unclear and unlikely that the information sought through interrogatories is "relevant" to this case. Additionally, the mere fact that an agency possesses information does not, per se, require the agency to provide that information. *See* Fed. R. Civ. P. 26(b)(1). Finally, Federal Defendants have provided a reasonable explanation as to why this information was not provided to Plaintiffs as part of the administrative record, and the pre-motion correspondence demonstrates that Federal Defendants are amenable to providing Plaintiffs with supplemental information outside the current administrative record that is relevant to the claims Plaintiffs currently allege. Therefore, Plaintiffs' request to submit interrogatories is denied.

## CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiffs' motion to supplement the record and for leave to conduct limited discovery, (Doc. 14), is GRANTED IN PART and DENIED IN PART.

It is GRANTED to the extent that Federal Defendants are directed to supplement the administrative record with the seven documents enumerated above, as well as with the Special Status Assessment, within ten days of the date of this Order. It is DENIED in all other respects.

IT IS FURTHER ORDERED that—it appearing that there is nothing left to resolve—unless the parties indicate that there is an open issue fourteen days from the date of this Order, the case will be closed.

DATED this 24th day of August, 2022.

_____
Donald W. Molloy, District Judge
United States District Court